IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–03172–PAB-KMT

JASON BROOKS,

    Plaintiff,

v.

TARSADIA HOTELS,
5TH ROCK, LLC,
MKP ONE, LLC,
GASLAMP HOLDING, LLC,
TUSHAR PATEL,
B.U. PATEL,
GREGORY CASSERLY,
PLAYGROUND DESTINATION PROPERTIES, INC.,
DOES 1-50,

    Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Defendants' "Motion to Dismiss or, in the alternative, Transfer to the Southern District of California" (Doc. No. 43, filed 4/11/2018 [Motion]). The motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

Plaintiff's Complaint (Doc. No. 1 [Compl.]) was filed on December 29, 2017, and arises from his purchase of a guestroom condominium [Unit] at the Hard Rock Hotel located in San Diego, California in or around May 2006. Plaintiff alleges that Defendants should have informed

Plaintiff of a two-year right to rescind his contract to purchase the Unit, and, since they did not, he is entitled to $35,000,000. Plaintiff's Complaint asserts five causes of action: (1) Violation of ILSA, 15 U.S.0 § 1703(a), (2) (A), (B) and (C); (2) Violation of the SLA, California's B&P Code section 11000, *et seq*.; (3) Fraud; (4) Negligence; and (5) Violation of California's Unfair Competition Laws, B&P Code section 17200, *et seq*.

Defendants filed their Motion to Dismiss, arguing that Plaintiff's claims are barred for several reasons, including procedural default, failure to state a claim, and lack of personal jurisdiction.[1] As the court finds that personal jurisdiction is lacking in this matter, it does not address parties' merits based arguments.

## LEGAL STANDARD

### 1. Pro Se Plaintiff

Plaintiff is proceeding pro se. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007*). See also Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").

However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been

---

[1] Defendants also claim that Plaintiff has failed to meet the procedural requirement of service of process. Plaintiff responded by requesting that the Court direct the "United States Marshalls to Effect Proper Service on Proper Address" (Doc. No. 45, filed 4/19/2018). However, the present recommendation effectively moots Plaintiff's request.

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (noting that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (noting the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's pro se status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2. Lack of personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." FED. R. CIV. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by

3

[Defendants'] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted). Only well-pleaded facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

To determine whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action, the court looks to the law of the forum state. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990). In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *Id.*; *Doering v. Copper Mountain*, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in — either in person or by an agent — the "commission of a tortious act within this state," or the "transaction of any business within this state." COLO. REV. STAT. 13–1–124(1)(a)–(b) (2007). To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 66 S. Ct. 154, 90 L. Ed. 95 (1945). Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. *See Lichina v. Futura, Inc.*, 260 F. Supp. 252, 255 (D. Colo. 1966). Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the

Fourteenth Amendment. *See OMI Holdings, Inc.*, 149 F.3d at 1090; *Scheur v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984).

## ANALYSIS

Defendants argue that this court lacks personal jurisdiction over the defendants in this matter, and that the case should either be dismissed or transferred to the Southern District of California, where venue is proper and the court has great familiarity with the case. In his Response [Doc. No. 48, filed 5/4/2018], Plaintiff fails to address Defendants' argument regarding general and specific jurisdiction, but acknowledges that venue may be improper.

Exercise of jurisdiction over a nonresident defendant requires that the defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Beverly Kuenzle, Wayne Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996) (citing *Int'l Shoe Co.*, 326 U.S. 310, 316, 66 S. Ct. 154). "Whether a non-resident defendant has the requisite minimum contacts with the forum state to establish *in personam* jurisdiction must be decided on the particular facts of each case." *Shanks v. Westland Equipment and Parts Co.*, 668 F.2d 1165, 1166 (10th Cir. 1982).

The "'minimum contacts' standard may be met in either of two ways." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). First, a court may exercise *specific* jurisdiction if a "defendant has 'purposefully directed' his activities at residents of the forum . . . *and* the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed.

2d 528 (1985) (citations omitted) (emphasis added). Second, a court may exercise *general* jurisdiction where the defendant's contacts, while not rising to the level of the traditional notion of presence in the forum state, are nonetheless "continuous and systematic." *Trierweiler*, 90 F.3d at 1533 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984)); *Burger King*, 471 U.S. at 473 n. 15, 105 S. Ct. 2174; *Dobbs v. Chevron U.S.A., Inc.*, 39 F.3d 1064, 1068 (10th Cir. 1994); *Kennedy v. Freeman*, 919 F.2d 126, 128 n. 2 (10th Cir. 1990). Where "[g]eneral jurisdiction lies . . . the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contacts with the state." *Trierweiler*, 90 F.3d at 1533.

Here, Plaintiff has utterly failed to meet his burden of establishing personal jurisdiction over the defendants. According to the Complaint, all Defendants are residents of states outside of Colorado, and all of the acts complained of occurred in California. Thus, there is no specific jurisdiction. Furthermore, Plaintiff makes no argument that Defendants have purposely directed activities at residents in the forum, or that the defendants' presence in the state are "continuous and systematic." Thus, there is no general jurisdiction here. Indeed, the only connection this case has to the State of Colorado is that Plaintiff is a resident of Colorado. It is clear from the face of the Complaint that the court lacks personal jurisdiction over the defendants.

In lieu of dismissal, Plaintiff requests that this court transfer this matter to the Southern District of California pursuant to 28 U.S.C. § 1406. "A court may cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. § § 1406(a) and 1631,

6

when it is in the interests of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). The Tenth Circuit has interpreted these statutes as giving a district court discretion to transfer the action or dismiss the action without prejudice. *Id.* In deciding whether transfer, rather than dismissal, is in the interest of justice, district courts are to consider whether 1) a new action would be time barred; 2) the claims are likely to have merit; and 3) the original action was filed in good faith rather than after the "plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* at 1223 n. 16(citation omitted).

The court finds the third factor telling. While a plaintiff's "erroneous guess with regard to the existence of some elusive fact" as to venue does not preclude a transfer to the appropriate court, *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962), the plaintiff in this case either knew or should have known, in the exercise of reasonable diligence, that the court could not obtain personal jurisdiction over the defendants. For this reason, as well as Plaintiff's failure thus far to complete personal service on Defendants, it is not in the interest of justice to allow Plaintiff to transfer pursuant to Section 1404 and 1406. *See Rhea v. Muskogee Gen. Hosp.*, 454 F. Supp. 40, 41 ( E.D. Okla. 1978) (collecting cases). Accordingly, Plaintiff's case against Defendants should be dismissed without prejudice. As this recommendation disposes of Plaintiff's claims, the court also recommends denial of all other Motions requested by Plaintiff.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMEND that Defendants' Motion to Dismiss be GRANTED. The court recommends that this matter be dismissed without prejudice for lack of personal jurisdiction.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of May, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge