IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-03172-PAB-KMT

JASON BROOKS,

    Plaintiff,

v.

TARSADIA HOTELS,
5TH ROCK, LLC,
MKP ONE, LLC,
GASLAMP HOLDING, LLC,
TUSHAR PATEL,
B.U. PATEL,
GREGORY CASSERLY,
PLAYGROUND DESTINATION PROPERTIES, INC., and
DOES 1-50,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 62] filed on July 26, 2018. The magistrate judge recommends that the Court dismiss plaintiff's claims against defendant Playground Destination Properties, Inc. ("Playground") for lack of venue. Docket No. 62 at 5. Plaintiff filed a timely objection to the magistrate judge's recommendation on August 6, 2018. Docket No. 63.

**I. BACKGROUND**

Plaintiff initiated this *pro se* lawsuit on December 29, 2017 asserting that he is entitled to $35,000,000 based on defendants' failure to inform him of a two-year right to

rescind his contract to purchase a condominium at the Hard Rock Hotel in San Diego, California. Docket No. 1 at 4, 33. Plaintiff asserts claims for (1) violation of the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et seq.*; (2) violation of California's Subdivided Lands Act ("SLA"), Cal. Bus. & Prof. Code §§ 11000-11200; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (4) fraud; and (5) negligence. Docket No. 1 at 26-33.

On July 26, 2018, the magistrate judge recommended that plaintiff's claims against Playground be dismissed without prejudice for lack of venue based on allegations establishing that (1) defendants are residents of states outside of Colorado and (2) all of the events giving rise to this lawsuit took place in California. Docket No. 62 at 4. The magistrate judge further recommended that the Court dismiss plaintiff's claims rather than transfer them pursuant to 28 U.S.C. § 1406 because (1) plaintiff's complaint is redundant of a class action complaint filed in the Southern District of California that was dismissed on the merits, and (2) plaintiff knew or should have known that venue in the District of Colorado was improper. *Id.* at 4-5.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In the absence of a proper objection, the Court reviews the magistrate judge's

recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Because plaintiff is proceeding *pro se*, the Court will construe his objection and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

Plaintiff does not contest the magistrate judge's finding that venue is improper in this district. However, plaintiff raises several arguments challenging the recommendation of dismissal. Those arguments fall into four general categories: (1) the magistrate judge improperly considered the merits of plaintiff's claims in recommending dismissal rather than transfer; (2) plaintiff's claims have merit; (3) plaintiff's claims are not time-barred; and (4) the magistrate judge ignored binding precedent in recommending dismissal. *See generally* Docket No. 63.

Plaintiff's first argument is unpersuasive. In deciding whether to transfer a case under 28 U.S.C. § 1631 to cure a jurisdictional or venue defect, courts consider three factors ("interest-of-justice factors"): (1) whether the new action would be time barred, (2) whether the claims are likely to have merit, and (3) whether the original action was filed in good faith "rather than after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (internal quotation marks omitted). While plaintiff suggests

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

3

that the magistrate judge improperly considered the merits of plaintiff's claims, *see* Docket No. 63 at 1, ¶ 1, the second interest-of-justice factor contemplates that a court will take a "'peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000). Contrary to plaintiff's assertion, such an inquiry does not constitute an adjudication on the merits. This portion of plaintiff's objection is therefore overruled.

Plaintiff's next set of arguments appear to challenge the magistrate judge's assessment of the second interest-of-justice factor. The magistrate judge determined that plaintiff's claims are unlikely to have merit because "Plaintiff's Complaint is redundant of a complaint made in a class action lawsuit filed in the Southern District of California, where claims against Defendant Playground were dismissed on the merits." Docket No. 62 at 4. Plaintiff first argues that the magistrate judge "erroneously claimed that 'the only operative difference in the present Complaint made by Plaintiff from the California complaint is that he seeks to collect additional damages.'" Docket No. 63 at 2-3. However, plaintiff admitted in his response to defendant's motion to dismiss that, "except for additional damages identified, [the] Complaint is almost identical to the most recent operative complaint in a class action filed in the Southern District of California in May 2011." Docket No. 29 at 1. A review of the complaints confirms that the same claims – and many of the same allegations – were asserted in both lawsuits. *Compare* Docket No. 1 at 26-32, *with* Docket No. 22-2 at 34-41.

In an effort to distinguish this case, plaintiff avers that he has filed an amended complaint "raising numerous new claims, premised upon different legal theories."

4

Docket No. 63 at 4.[2] Yet plaintiff does not explain in his objection how these amended allegations cure the deficiencies that were found to be dispositive in the California litigation. In his response to defendant's motion to dismiss, plaintiff stated that he would amend his complaint to (1) "allege that Playground violated the ILSA . . . not on its knowledge of Plaintiffs rescission rights . . . but based upon its misrepresentations made in the Closings Notices"; and (2) assert "securities fraud violations." Docket No. 29 at 5-8. However, defendant addressed these proposed amendments in its reply, arguing that (1) the amendment to the ILSA claim would be futile because both the original complaint in this lawsuit and the California class action complaint already included allegations of an "affirmative misrepresentation" by Playground; and (2) any securities law claims asserted by plaintiff would be time-barred. *See* Docket No. 33 at 4-5, 8-10. Plaintiff has not offered any argument to contradict defendant's assertions.[3] Accordingly, plaintiff has failed to show that his ILSA and securities law claims are likely to have merit. *See Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 108 (10th Cir. 2012) (unpublished) (placing burden on plaintiff to show that claims are likely to have merit).

---

[2]Plaintiff filed an amended complaint on May 15, 2018 that was stricken for failure to comply with Fed. R. Civ. P. 15 and D.C.COLO.LCivR 15.1. *See* Docket Nos. 53, 54. Plaintiff has since filed a motion for an extension of time to hand copy his amended complaint and a motion for reconsideration of the magistrate judge's order striking the complaint, both of which remain pending. *See* Docket Nos. 52, 57. The Court need not resolve either of these motions to determine whether transfer is in the interest of justice. As discussed below, plaintiff has not shown that his proposed amended allegations are likely to have merit.

[3]To the extent that plaintiff's equitable tolling argument has any bearing on the viability of his securities law claims, that argument is addressed below.

Plaintiff also asserts that his claims are timely because he is entitled to equitable tolling. Docket No. 63 at 3-4.[4] The court in the California lawsuit dismissed negligence claims nearly identical to plaintiff's on the ground that the underlying ILSA violations, which established the requisite breach of the standard of care, were time-barred. *See Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1322 (S.D. Cal. 2014) (finding that, because plaintiffs' underlying ILSA claims were time-barred, "Plaintiffs [could not] prove the violation of any standard of care for a reasonable person"). Plaintiff suggests that he is likely to prevail on his claims despite the ruling of the *Beaver* court because he is entitled to equitable tolling under Cal. Civ. Proc. Code § 352.1, which provides that, when a person is imprisoned on a criminal charge at the time a cause of action accrues, the "time of that [person's incarceration] is not a part of the time limited for the commencement of the action, not to exceed two years." Critically, however, this argument for equitable tolling was not presented to the magistrate judge, *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also* Docket No. 29 at 11-13 (asserting six bases for applying equitable tolling, none of which

---

[4]Although plaintiff does not specify the claims to which his equitable tolling arguments apply, the Court agrees with defendant that the issue of timeliness bears only on the merits of plaintiff's negligence and securities claims. *See* Docket No. 33 at 6, n.4 (explaining that plaintiff's arguments related to statute of limitations, equitable tolling, and estoppel issues are "relevant only to the negligence claim and Plaintiff's proposed amendment to add securities law claims"). The negligence claim was the only claim against Playground that was dismissed on statute of limitations grounds in the California class action lawsuit – all the other claims were dismissed on the merits. And while there were no securities claims asserted in the California action, defendant argued to the magistrate judge that any such claims asserted by plaintiff in this lawsuit would be time-barred. Docket No. 33 at 8-10.

6

include Cal. Civ. Proc. Code § 352.1),[5] and plaintiff does not assert any other arguments indicating that his negligence and securities claims would succeed if transferred to the proper forum.  Accordingly, the Court agrees with the magistrate judge that the second interest-of-justice factor weighs in favor of dismissal.[6]

The final argument raised in plaintiff's objection pertains to the third interest-of-justice factor, whether plaintiff filed this action in good faith.  The magistrate judge concluded that this factor weighed in favor of dismissal because plaintiff knew or should have known that venue was improper in this district.  Docket No. 62 at 5.  In his objection, plaintiff suggests that the magistrate judge's reasoning is inconsistent with Supreme Court precedent.  Docket No. 63 at 5.  He argues that an "erroneous guess with regard to the existence of some elusive fact" that causes a plaintiff to file a case in an improper venue "does not preclude transfer to the appropriate court." *Id.* (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)).  Contrary to plaintiff's assertion, however, this case does not involve an "erroneous guess with regard to the existence of some elusive fact."  In *Goldlawr*, the plaintiff erroneously believed that "the resident corporations could be 'found' or that they 'transact[ed] business' in the Eastern District of Pennsylvania," as required to establish venue under the Clayton Act.  369 U.S. at 466.  Here, in contrast, plaintiff's allegations demonstrate that plaintiff knew that all of

---

[5]Plaintiff also does not address defendant's argument that the applicable limitations periods are not subject to equitable tolling.  *See* Docket No. 33 at 5-7, 9-10.

[6]Though not specifically addressed in plaintiff's objection or in this order, plaintiff has also not demonstrated that his fraud, UCL, and SLA claims are likely to have merit.  As discussed above, these claims are nearly identical to the claims dismissed in the California lawsuit.  Plaintiff even admits in his response to defendant's motion to dismiss that he cannot state an SLA claim against Playground.  Docket No. 29 at 15.

7

the acts giving rise to this lawsuit occurred in California and that all of the defendants are residents of states outside of Colorado. *See generally* Docket No. 1. Plaintiff was also aware that a class action lawsuit asserting the same causes of action had already been filed in the Southern District of California. Based on this information, it should have been obvious to plaintiff that the District of Colorado was an improper forum for the adjudication of his claims. *See Young v. State Government of Okla.*, 98 F. App'x 760, 764 (10th Cir. 2004) (unpublished) (finding that *pro se* plaintiff "must have been aware that all the parties he attempted to sue had little or no contact with the state of New Mexico and that Oklahoma would be the proper forum"); *Keaveney v. Larimer*, 242 F.3d 389, 2000 WL 1853994, at *2 (10th Cir. Dec. 19, 2000) (unpublished table decision) ("Keaveney's pro se status does not excuse his obligation to comply with the procedural rules, including jurisdiction and venue, that apply to all litigants. This is not a case in which jurisdiction and venue turned on 'the existence of some elusive fact' about which Keaveney made an 'erroneous guess.' Rather, the error here was obvious." (internal citations omitted)). Accordingly, the Court agrees that plaintiff "realized or should have realized that the forum in which he . . . filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (internal quotation marks omitted).

Although the magistrate judge did not address whether plaintiff's claims would be time-barred if plaintiff were forced to refile his lawsuit in a different district, the Court need not resolve that issue. Because both the second and third interest-of-justice factors weigh in favor of dismissal, the Court finds it appropriate to dismiss plaintiff's case against defendant rather than transfer it to the proper venue. *See Young*, 98 F.

App'x at 764 ("[E]ven if we assume Mr. Young's complaint will be time-barred if refiled in Oklahoma, the other factors outweigh this consideration and render transfer not in the interests of justice."); *United States for Use and Benefit of Crux Subsurface, Inc. v. TK Construction US, LLC*, No. 15-cv-01777-LTB, 2015 WL 8759330, at *2 (D. Colo. Dec. 15, 2015) ("A district court is within its discretion to deny a transfer where 'a plaintiff either realized or should have realized that the forum in which he or she filed was improper,' and 'this is so even if the statute of limitations would now prevent the plaintiff from filing in the proper forum.'" (bracket omitted) (quoting *Keaveney*, 2000 WL 1853994, at *2).

## IV. UNOBJECTED-TO RULINGS

As for the unobjected-to portions of the recommendation, in the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the unobjected-to portions of the recommendation and satisfied itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 62] is **ACCEPTED**. It is further

**ORDERED** that Defendant Playground Destination Properties, Inc.'s Motion to Dismiss or, In the Alternative, Transfer to the Southern District of California [Docket No. 22] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims against defendant Playground Destination Properties, Inc. are **DISMISSED** without prejudice for lack of venue.

DATED September 14, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge