IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-03172-PAB-KMT

JASON BROOKS,

    Plaintiff,

v.

TARSADIA HOTELS,
5TH ROCK, LLC,
MKP ONE, LLC,
GASLAMP HOLDING, LLC,
TUSHAR PATEL,
B.U. PATEL,
GREGORY CASSERLY,
PLAYGROUND DESTINATION PROPERTIES, INC., and
DOES 1-50,

    Defendants.

# ORDER

This matter is before the Court on Plaintiff's Request for Reconsideration [Docket No. 65]. Plaintiff seeks reconsideration of the Court's September 14, 2018 order, Docket No. 64, dismissing plaintiff's claims against defendant Playground Destination Properties ("Playground") without prejudice for lack of venue. *See* Docket No. 65.

Plaintiff initiated this *pro se* lawsuit on December 29, 2017 alleging that he is entitled to recover $35,000,000 from defendants based on their failure to inform him of a two-year right to rescind his contract to purchase a condominium at the Hard Rock Hotel in San Diego, California. Docket No. 1 at 4, 33. Plaintiff asserts claims for (1) violation of the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701 *et*

*seq.*; (2) violation of California's Subdivided Lands Act ("SLA"), Cal. Bus. & Prof. Code §§ 11000-11200; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (4) fraud; and (5) negligence. Docket No. 1 at 26-33.

On July 26, 2018, the magistrate judge recommended that plaintiff's claims against Playground be dismissed without prejudice for lack of venue based on allegations establishing that (1) defendants are residents of states outside of Colorado and (2) all of the events giving rise to this lawsuit took place in California. Docket No. 62 at 4. On September 14, 2018, the Court accepted the magistrate judge's recommendation and dismissed the claims against Playground without prejudice. Docket No. 64 at 9-10. The Court agreed with the magistrate judge that dismissal rather than transfer under 28 U.S.C. § 1406 was appropriate because plaintiff's claims were unlikely to have merit and plaintiff knew or should have known that venue in the District of Colorado was improper. *See id.* at 8-9.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-

00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because plaintiff is proceeding *pro se*, the Court will construe his motion for reconsideration liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff makes four arguments in support of reconsideration. First, he contends that the Court's order of dismissal granted relief that was not requested by either party. *See* Docket No. 65 at 1, 4. Second, he asserts that the Court improperly disregarded the fact that plaintiff's equitable tolling argument was preserved in the record. *See id.* at 2. Third, he argues that the Court's decision to dismiss plaintiff's claims was contrary to Supreme Court precedent. *See id.* at 2. Finally, plaintiff argues that it is "illogical" for the Court to dismiss his claims against Playground when the other claims in this lawsuit should be transferred under 28 U.S.C. § 1406. *See id.* at 3. Each of these arguments is unavailing.

Assuming that plaintiff's first argument is a valid argument to begin with, plaintiff

misreads defendant's motion to dismiss. Defendant expressly argued that plaintiff's claims should be dismissed rather than transferred under 28 U.S.C. § 1406. *See* Docket No. 22 at 2 (arguing that "the Court may and should, given the unique facts presented, dismiss th[e] action in its entirety as to Playground pursuant to Fed. R. Civ. P. 12(b)(3)"). Accordingly, the Court's September 14, 2018 order grants relief requested by a party.

Plaintiff's second argument also fails. In determining whether to dismiss plaintiff's claims against Playground rather than to transfer them, the Court declined to consider plaintiff's argument that his claims were timely with the application of equitable tolling. *See* Docket No. 64 at 6. Specifically, the Court found that plaintiff had waived his argument for equitable tolling by failing to present it to the magistrate judge. *Id.* Plaintiff contends that this ruling was in error because he raised the issue of equitable tolling in his response to the Tarsadia defendants' motion to dismiss. *See* Docket No. 65 at 2; *see also* Docket No. 48 at 6-7.[1] However, that motion involved claims against different defendants. The magistrate judge was not required to search the record for additional arguments potentially relevant to Playground's motion, but not presented in plaintiff's response. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting that a "court cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record"); *cf. Williams v. Diggins*, No. 08-cv-00667-MSK-KLM, 2009 WL 2809425, at *1 (D. Colo.

---

[1] "Tarsadia defendants" is used in this order to refer to defendants Tarsadia Hotels, 5th Rock, LLC, MKP One, LLC, Gaslamp Holdings, LLC, Tushar Patel, B.U. Patel, and Gregory Casserly. *See* Docket No. 43 at 1.

4

Aug. 31, 2009) (denying in part pro se plaintiff's motion to compel discovery on grounds that the court was "not required to sift through the record to isolate any deficiencies [in the defendants' discovery responses], and it [was] incumbent upon Plaintiff to provide th[at] information and argument to Defendants and the Court"). Moreover, plaintiff again fails to respond to defendant's argument that the applicable limitations periods are not subject to equitable tolling. See Docket No. 33 at 5-7, 9-10; *see also* Docket no. 64 at 7 n.5 (noting plaintiff's failure to address defendant's argument regarding equitable tolling). Given that the Court only considered whether plaintiff's claims were *likely* to have merit in determining whether to dismiss or transfer, plaintiff has not demonstrated that the Court's resolution of the equitable tolling issue was clearly in error.

Plaintiff next argues that the Court's decision to dismiss his claims was contrary to Supreme Court precedent. *See* Docket No. 65 at 2. But the Court has already addressed plaintiff's citation to *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962), and concluded that the present case is distinguishable. *See* Docket No. 64 at 7-8. Plaintiff has not asserted any facts or argument showing that the Court's ruling was erroneous.

With respect to plaintiff's final argument, that "transferring only half of th[is] case . . . would be illogical," Docket No. 65 at 3, plaintiff has not cited any case law indicating that a decision to transfer claims against certain defendants in a case is a relevant consideration in determining whether to dismiss or transfer claims asserted against other defendants. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (listing relevant factors as: (1) whether the new action would be time barred, (2) whether

5

the claims are likely to have merit, and (3) whether the original action was filed in good faith "rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper").[2] In any event, the Court agrees with the magistrate judge's recommendation on the Tarsadia defendants' motion to dismiss, Docket No. 56, and will be dismissing plaintiff's claims against the Tarsadia defendants in a separate order. Thus, all of plaintiff's claims in this case are subject to the same disposition.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Request for Reconsideration [Docket No. 65] is **DENIED**.

DATED March 11, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

---

[2]Plaintiff also raises this argument for the first time in his motion for reconsideration. As stated above, a motion for reconsideration is generally an inappropriate vehicle for raising new arguments that were available at the time of the original motion. *Servants of the Paraclete*, 204 F.3d at 1012.